■ MARGARET ARGYLL, HER GRACE, THE DUCHESS OF ARGYLL, Respondent, v. INTERNATIONAL SECURITY BUREAU, INC., et al., Defendants, and HOWARD W. SCHMAHL, Appellant.— Order entered on May 8, 1962, denying defendant-appellant's motion to vacate a warrant of attachment, unanimously reversed on the law, with $20 costs and disbursements to appellant and the motion granted. The papers upon which the attachment was granted lack sufficient evidentiary facts to establish a prima facie cause of action. Apparently attempting to plead an intentional tort causing emotional disturbance, plaintiff accuses defendants of eavesdropping with the use of electronic devices. It may be that such a wrong would be actionable (Restatement, Torts [1948 Supp.], § 46; Prosser, Torts [2d ed.], pp. 38–47; *Halio* v. *Lurie,* 15 A D 2d 62; cf. *Battalla* v. *State of New York,* 10 N Y 2d 237; *Ferrara* v. *Galluchio,* 5 N Y 2d 16, involving negligent infliction of severe emotional distress). However, plaintiff fails to show how she suffered any legally cognizable injury related to the wrong. The nature of what was learned by eavesdropping is not disclosed. It is not alleged that the eavesdropping was done for the purpose of causing emotional distress. Nor is it alleged that any private conversations were disclosed by the eavesdroppers. For all that appears, plaintiff's mental distress derives solely from the knowledge that eavesdropping occurred and from extensive publicity given to the fact. No special damages are alleged except disbursements for counsel fees, travel, and other expenses. These are not related to the wrong on any tenable theory of legal causation. In the absence of a more substantial showing of actual injury proximately caused by the alleged wrong, together with specification of related damages, the attachment cannot be sustained. Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.